# IN THE COURT OF APPEALS OF IOWA

No. 15-0588
Filed February 10, 2016

**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**JOSE LEONARDO JORDAN MURCIA,**
  Defendant-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Douglas S. Russell, Judge.


Jose Leonardo Jordan Murcia appeals the district court's order denying his motion for resentencing. **SENTENCE VACATED, CASE REMANDED FOR RESENTENCING.**


Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Mary A. Triick, Assistant Attorneys General, for appellee.


Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

Jose Leonardo Jordan Murcia appeals a district court order refusing to amend his sentence for crimes committed as a juvenile.

## I.    *Background Facts and Proceedings*

Jordan Murcia pled guilty to second-degree robbery, first-degree theft, and conspiracy to commit a forcible felony for acts committed when he was seventeen years old.  The district court sentenced him to prison terms not exceeding ten years for each crime, to be served consecutively.  The court imposed a mandatory minimum term of seventy percent on the first count of second-degree robbery.  *See* Iowa Code § 902.12(5) (2011).

Jordan Murcia moved for resentencing under recent precedent governing juveniles with mandatory minimum prison terms.  *See State v. Lyle*, 854 N.W.2d 378, 404 (Iowa 2014) ("[A]rticle I, section 17 of the Iowa Constitution forbids a mandatory minimum sentencing schema for juvenile offenders that deprives the district court of the discretion to consider youth and its attendant circumstances as a mitigating factor and to impose a lighter punishment by eliminating the minimum period of incarceration without parole.").  The district court granted the motion, held a resentencing hearing, and ruled Jordan Murcia's "sentence, including the mandatory minimum sentence for Count I, should not be amended."

On appeal, Jordan Murcia contends (1) the district court abused its discretion "because it incorrectly believed it only had the authority to reconsider the mandatory minimum portion of [his] sentence but in fact had discretion to reconsider and impose a range of sentencing options pursuant to Iowa Code section 901.5(14) (2013)," (2) "the district court abused its discretion . . . when it

failed to consider evidence in the record necessary to a meaningful consideration of the factors required by" recent juvenile sentencing precedent, including *Lyle*, and (3) his attorney was "ineffective for failing to put on evidence during the resentencing hearing that would allow the court to fully and fairly consider" the sentencing factors articulated in *Lyle*. We find the second issue dispositive.

## II. Abuse of Discretion

*Lyle* prescribed five factors for consideration in resentencing juveniles originally sentenced to mandatory minimum terms:

> (1) the age of the offender and the features of youthful behavior, such as "immaturity, impetuosity, and failure to appreciate risks and consequences"; (2) the particular "family and home environment" that surround the youth; (3) the circumstances of the particular crime and all circumstances relating to youth that may have played a role in the commission of the crime; (4) the challenges for youthful offenders in navigating through the criminal process; and (5) the possibility of rehabilitation and the capacity for change.

854 N.W.2d at 404 n.10. The court stated, "Clearly, these are all *mitigating factors*, and they cannot be used to justify a harsher sentence." *Id.* at 402 n.8; *see also State v. Seats*, 865 N.W.2d 545, 557 (Iowa 2015) (faulting district court for using certain factors "as aggravating, not mitigating, factors").[1]

---

[1] In *Lyle*, the court stated district courts could sentence juvenile offenders "to the maximum sentence if warranted." 854 N.W.2d at 404. But, the court said, before doing so, the district court would have to "make findings discussing why the general rule [that children should be treated differently from adults] does not apply." *State v. Null*, 836 N.W.2d 41, 74 (Iowa 2013). The required findings would necessarily focus on aggravating circumstances, which is at odds with the obligation to consider the five factors only as mitigating circumstances. *Lyle*, 854 N.W.2d at 402 n.8. In effect, this obligation constricts a district court's discretion to re-impose the original sentence with the mandatory minimum prison term. *See, e.g., State v. Davis*, No. 14-2156, 2016 WL 146528, at *6 (Iowa Ct. App. Jan. 13, 2016) ("To the extent that *Lyle* and other controlling case law requires a judge to consider the abstract possibility of rehabilitation as a mitigating factor without allowing for consideration of actual historical events, the juvenile resentencing process established in *Lyle* would seem to require optimism that

Jordan Murcia acknowledges that the district court articulated its obligation to consider all five factors but argues the court overlooked evidence in the record relating to certain factors. We agree.

The court stated:

> No information was presented as to other educational endeavors or programs the Defendant may have participated in. *No information was presented as to whether he is employed in the prison. No information was presented as to any expressions of remorse or of taking responsibility by the Defendant.* He did not provide a statement for the PSI and did not testify at the hearing. No information was presented as to the Defendant's disciplinary record in prison. No information was presented as to the level of support by his family, a church or other organization.

In fact, the record contained a letter from Jordan Murcia to the court addressing most if not all these concerns. In the letter, Jordan Murcia stated, "I take full responsibility for my actions that caused me being sent to prison." He continued,

> I have never been in any trouble before this happened. I am not a drug or alcohol user. I do not believe I am a criminal. All I have been trying to do since arriving in the U.S. is to work and make money for my family. My mother is ill with cancer and I am her only source of money for treatment. When I was working my life was very good. I was able to earn money to eat, buy clothes and also to send money home for her. Then all of a sudden I was told I could no longer work. I tried to find other jobs. Many people told me I

---

may no longer be realistic or appropriate years after the initial sentence was imposed."). At the very least, the obligation to view the factors only in a mitigating light raises "significant practical difficulties for the district courts." *See Lyle*, 854 N.W.2d at 419 (Zager, J., dissenting). For example, in this case, the district court considered the third factor—the circumstances of the particular crime—as an aggravating factor rather than a mitigating factor, justifying re-imposition of the original sentence, including the mandatory minimum prison term. The court stated Jordan Murcia "participated in the planning, declined to withdraw from the plan when he had the opportunity to do so, and fully participated in the robbery itself using a dangerous weapon and threatening to kill a witness twice." Under our precedent, the court's consideration of the circumstances of the crime as an aggravating rather than mitigating factor was error even though the court used the factors to justify re-imposition of the original sentence.

was too young to work. I was also told I would not be hired because of my limited English skills and vocabulary.

I felt extremely pressured to do something to get a job to help my family. I needed to find a way to make some money so I could eat and basically live. I know now as I knew then what I was doing was wrong. I feel I had no other choice then to do something I knew was wrong. I feel really bad about the choices I made.

I have been using my time in prison to become a better person. I am working on my G.E.D. I am working as a cook in the kitchen. That particular job is given as a reward for being a hard worker and trustworthy. I am keeping out of trouble and away from people who would probably ask me to do things that may not be right. I am following directions and behaving not only for myself, but also for my family.

My reason for writing this letter is to tell you a bit about myself and to ask if you will reconsider my prison sentence. I am very young and would like a second chance to start my life over the correct way. I would like the chance to someday make my dream of being in the U.S. Army a reality. I would ask that you review my case in depth. I do not feel I was fully informed of the ramifications of my plea agreement. I would ask that you review all of the factors of my case and base a decision on them.

This letter, while submitted several years before the resentencing hearing, was in the record and had to be considered. *See Seats*, 865 N.W.2d at 556 ("[T]he court must take into account any information in the record . . . ."). Because its contents were apparently not considered, we agree with Jordan Murcia that a remand for resentencing is necessary.

In light of our resolution of the second issue raised by Jordan Murcia, we find it unnecessary to address the remaining issues.

**SENTENCE VACATED, CASE REMANDED FOR RESENTENCING.**